# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID JORDAN and MARGARET JORDAN, )
)
Plaintiffs, )
)
v. ) C.A. No. N18C-05-052 ALR
)
TROLLEY TAP HOUSE, INC., )
MICHAEL TAYLOR, LOU WELLS, )
SEAN SIEDLEKI, and NIKKI )
BOYD, )
)
Defendants. )

Submitted: December 30, 2019
Decided: January 8, 2020

*Upon Defendants' Motion for Summary Judgment*
**DENIED**

## ORDER

This action involves claims of personal injury which occurred when Plaintiff David Jordan was thrown out of a bar in Trolley Square on St. Patrick's Day in 2017. Defendants are The Trolley Tap House, Inc., as well as three individuals who were employed as security staff on March 17, 2017 (the "Bouncer-Defendants"). Plaintiff David Jordan claims he was assaulted and battered by the Bouncer-Defendants. David Jordan's wife claims loss of consortium. Defendants conceded that Plaintiff David Jordan was a patron at The Trolley Tap House on March 17, 2017, and that

he was kicked out of the bar and badly injured, but deny that any of them assaulted him.

The Bouncer-Defendants ask this Court to enter judgment in their favor "because Plaintiffs have not produced any evidence to support their claims against the Individual Defendants."[1] Plaintiffs oppose the entry of summary judgment on the grounds that there are genuine issues of material fact in dispute. This is the Court's decision on the motion for summary judgment.

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a genuine issue of material fact exists.[3] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[4] Summary judgment is only appropriate if Plaintiffs' claims lack evidentiary support such that no reasonable jury could find in their favor.[5]

---

[1] Defs.' Mot. Summ. J. 4.
[2] Super. Ct. Civ. R. 56.
[3] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[4] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[5] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

The Court has considered Rule 56 of the Superior Court Rules of Civil Procedure; applicable decisional law; the parties' various submissions; and the entire record. The Court finds there is a genuine issue of material fact in dispute regarding whether Plaintiff David Jordan was assaulted and battered by the Bouncer-Defendants. Contrary to the presentation by the Bouncer-Defendants, it is not incumbent upon Plaintiffs to prove their claims at this stage of the proceedings; rather, Plaintiffs can avoid judgment as a matter of law by clearly establishing there are genuine issues of materials fact. Under the circumstances presented here, the Court declines to award judgment as a matter of law. Fittingly, a three-day jury trial addressing this St. Patrick's Day brawl shall begin on March 16, 2020.

**NOW, THEREFORE, this 8th day of January 2020, Defendants' motion for summary judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

3